UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| TAMMY JO JARRELL, ) | |
| ) | |
| Plaintiff, ) | Civil No. 7:16-cv-119-JMH |
| ) | |
| V. ) | |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | **MEMORANDUM OPINION AND ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

\*\*\*\*

This matter is before the Court upon Plaintiff Tammy Jo Jarrell's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) [DE 27]. The Commissioner filed a Response [DE 29], and Plaintiff submitted a Motion to Amend [DE 30] her initial Motion based on updated information received from the Commissioner. This matter is now ripe for the Court's review. For the reasons stated herein, Plaintiff's Motions are **GRANTED**.

Plaintiff filed an application for Supplemental Security Income ("SSI") on October 17, 2006, alleging disability since March 3, 2004.[2] [TR 21-33]. Her application was denied initially and upon reconsideration. [TR 21]. At Plaintiff's request, ALJ

---

[1] The caption of this matter is amended to reflect that Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin in that role.

[2] Plaintiff filed a previous application for benefits on May 11, 2004, also alleging disability since March 3, 2004. [TR 21]. Her application was denied initially and on reconsideration. [*Id.*]. An ALJ held a hearing and issued an unfavorable decision on her claim. [*Id.*]. The AC then denied her request for review. [*Id.*].

1

Algernon W. Tinsley held an administrative hearing, then issued an unfavorable decision on September 17, 2008. [*Id.*]. The Appeals Council remanded the case. [*Id.*]. ALJ Jerry Meade held another administrative hearing and issued an unfavorable decision on July 9, 2012. [*Id.*]. The Appeals Council remanded this decision as well. [*Id.*]. After holding yet another administrative hearing, ALJ Meade issued another unfavorable decision on April 23, 2015. [*Id.*]. This time, the Appeals Council denied Plaintiff's request for review. [*Id.*].

On June 15, 2016, Plaintiff filed the instant action. [DE 1]. She submitted a combined Motion for Summary Judgment and Motion to Remand shortly thereafter. [DE 15]. The Commissioner then filed a Motion to Remand pursuant to Sentence Four of 42 U.S.C. § 405(g). [DE 18]. The Court granted the Commissioner's Motion, denied Plaintiff's combined Motions as moot, and remanded the case. [DE 19, 20, 21]. Plaintiff next submitted a Motion for Payment of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), which is codified at 28 U.S.C. § 2412(d). [DE 22]. The parties ultimately tendered an Agreed Order to the Court, providing that the Commissioner would pay Plaintiff $5,043.75 in attorney's fees. [DE 25]. The Court approved the Agreed Order. [DE 26].

On April 27, 2017, ALJ Maria Hodges issued a favorable decision on Plaintiff's claim. [DE 27-2]. The Commissioner notified her that she was entitled to past-due benefits totaling $33,187.50. [DE 27-4]. Accordingly, Plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1), asking the Court to award 25% of her past-due benefits, or $8,296.87, to Plaintiff's counsel. [DE 27]. The Motion acknowledges that the award of such a sum requires Plaintiff's counsel to refund the smaller EAJA award to Plaintiff. [*Id.*]. After Plaintiff filed this Motion, the Commissioner notified Plaintiff that she was actually entitled to $39,183.50 in past-due benefits. [DE 29]. The Commissioner then responded to Plaintiff's initial Motion, indicating that she had no objection thereto. [*Id.*]. The Commissioner also indicated that she had no objection to Plaintiff's counsel receiving 25% of the updated sum of past-due benefits, in the event that Plaintiff chose to amend her Motion. [*Id.*]. Plaintiff sought leave to amend her Motion shortly thereafter. [DE 30].

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). This statutory provision "does not displace contingent-fee

3

agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Courts may "reduce[] the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Similarly, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

While the Commissioner does not object to the amended request for an attorney's fee award in this case, the Court will nevertheless review the request for reasonableness in accordance with *Gisbrecht*. The record reflects that the correct amount of Plaintiff's past-due benefits is $39,187.50. [DE 29]. Plaintiff and her attorney entered into a contingency-fee agreement, entitling him to 25% of any past-due benefits obtained. [DE 27-3]. This yields an attorney's fee of $9,785.88. The record further indicates that Plaintiff's attorney spent 45.15 hours working on her case. [DE 27]. Thus, the award of past-due benefits would be equivalent to an hourly rate of approximately $216. This does not strike the Court as unreasonable, given the results achieved in this case. However, the Court reiterates that this

4

award requires Plaintiff's counsel to refund the EAJA fee to his client. *See Gisbrecht*, 535 U.S. at 796 (explaining that "[f]ee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] the amount of the smaller fee'") (quoting Act of Aug. 4, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion to Amend/Correct [DE 30] her Motion for Attorney's Fees [DE 27] be, and is, hereby **GRANTED**;

(2) Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) be, and is, hereby **GRANTED**;

(3) The Commissioner shall **PAY** $9,785.88 from Plaintiff's past-due benefits to counsel; and

(4) Plaintiff's counsel shall **REFUND** the EAJA fee of $5,043.75 to Plaintiff.

This the 19th day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5